**Osama ELMATBOLY, Plaintiff–Appellant,**

v.

**ARIZONA STATE UNIVERSITY; Ravi Gorur, individually and as a professor of ASU; Gerald Heydt, individually and as a professor of ASU, Defendants–Appellees.**

**No. 07–15621.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2008.*

Filed Oct. 27, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suite B, Tempe, AZ, for Plaintiff–Appellant.

Michael King Goodwin, Esq., AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

---

Before: BEEZER, BYBEE, and BEA, Circuit Judges.

MEMORANDUM **

The facts and procedural history of this case are known to the parties and we do not repeat them here. Osama Elmatboly appeals the district court's order granting summary judgment to defendants Arizona State University (ASU) and Professors Ravi Gorur and Gerald Heydt in their individual and official capacities. Though he asserted a variety of claims before the district court, Elmatboly appeals only the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dismissal of his § 1981 claim. The district court dismissed Elmatboly's § 1981 claim as barred by the statute of limitations and precluded by the Eleventh Amendment. We reverse in part, affirm in part, and remand this case to the district court for further proceedings.

■ As the defendants have acknowledged, the district court erred in holding Elmatboly's claim time-barred. The district court held that the limitations period applicable to Elmatboly's § 1981 claim was two years. Under 28 U.S.C. § 1658, however, "a civil action arising under an Act of Congress" enacted after the date of § 1658's enactment has a four year statute of limitations. Section 1658 was enacted December 1, 1990, Pub.L. No. 101–650, 104 Stat. 5114, and the Civil Rights Act of 1991 was enacted on November 21, 1991. Pub.L. No. 102–166, 105 Stat. 1071. The relevant question is thus whether Elmatboly's claim is of a type cognizable under § 1981 as originally enacted (in which case it would not arise under an Act of Congress passed after § 1658 was enacted) or whether it was only made possible by the 1991 amendments (in which case it would fall within the ambit of § 1658). Elmatboly's claim in essence consists of an allegation that he was wrongfully discharged, and the Supreme Court has held that such claims were only made possible by the 1991 amendments. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 374, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). Therefore, the limitations period applicable to Elmatboly's action is four years. Because Elmatboly's claim was filed within four years of its accrual, it is not time-barred.

■ Though Elmatboly's § 1981 claim is not time-barred, we recently squarely held that § 1981 does not provide a cause of action against arms of the state. *Pittman v. Or. Employment Dep't.*, 509 F.3d 1065, 1070 (9th Cir.2007). We have also made clear that ASU itself and the Arizona Board of Regents, which operates ASU, are arms of the state of Arizona. *Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1349 (9th Cir.1981). Furthermore, a suit against a state official acting in his or her official capacity is considered a suit against that official's office and is thus "no different from a suit against the State itself." *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, § 1981 may not be used as the basis for a suit against either ASU or the two individual defendants acting in their official capacities. We therefore affirm the district court's grant of summary judgment as to these defendants.

By contrast, Elmatboly's suit against Professors Gorur and Heydt in their individual capacities is not barred by the Eleventh Amendment. The district court, believing Elmatboly's claim was time-barred, did not address whether the two individual defendants were entitled to summary judgment on the merits. We therefore remand to the district court for further proceedings. Each party shall bear its own costs and fees on appeal.

REVERSED in part, AFFIRMED in part, and REMANDED.